IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | Bankruptcy No. 21-42917-MXM7 |
| | § | |
| DANIEL JOSEPH WOOLLEY AND | § | |
| MONICA RENEE WOOLLEY | § | |
|     DEBTOR(S) | § | CHAPTER 7 |
| | § | |
| DANIEL JOSEPH WOOLLEY AND | § | |
| MONICA RENEE WOOLLEY | § | |
| | § | |
|     Plaintiffs | § | Adversary No. |
| | § | |
| v. | § | |
| | § | |
| NAVIENT | § | |
| U.S. DEPARTMENT OF EDUCATION | § | |
| and AIDVANTAGE | § | |
|     Defendants | § | |

**COMPLAINT FOR HARDSHIP DISCHARGE OF A STUDENT LOAN DEBT
PURSUANT TO 11 U.S.C. § § 523(a)(8)**

COMES NOW, Plaintiffs, DANIEL JOSEPH WOOLLEY and MONICA RENEE WOOLLEY, complains of the Defendants, NAVIENT and U.S. DEPARTMENT OF EDUCATION. Plaintiffs are seeking a hardship discharge of student loans which are held, guaranteed, or serviced by the defendants. In support of this Complaint, the plaintiffs respectfully show the following:

**I. INTRODUCTION**

Plaintiffs are debtors in a Chapter 7 bankruptcy. At the time that the bankruptcy was filed, DANIEL JOSEPH WOOLLEY was 51 years of age and MONICA RENEE WOOLLEY was 52. The plaintiffs seek to discharge their student loan debt pursuant to the provisions of 11 USC 523(a)(8).

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this adversary proceeding and for Injunctive and Declaratory relief pursuant to 28 U.S.C. §1331, 1334 and 1337(a), 28 U.S.C. §§2201-2202, FRBP 7001(6); FRBP 4007, and 11 USC §523. The Court has the authority to enter a final order regarding this contested matter because it constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(A), (E), (G), (I), (J) and (O). Pursuant to Sections 1408, 1409, and 1391(b) of Title 28 of the United States Code, venue is proper in this district/ division.

## III. PARTIES

2. The Plaintiffs are DANIEL JOSEPH WOOLLEY and MONICA RENEE WOOLLEY.

3. The Defendants are NAVIENT, the U.S. Department of Education and Aidvantage, the loan servicing unit of Maximus Education, LLC. The defendants hold, guarantee or service student loan debt that was incurred by the plaintiffs. NAVIENT may be served by serving its president, officer or director at 123 Justison Street, Wilmington DE 19801. Defendant U.S. Department of Education may be served by serving U.S. Secretary of Education, Miguel Cardona, at 400 Maryland Ave SW, Washington DC 20202, Attorney General Merrick B. Garland, at U.S. Department of Justice, 950 Pennsylvania Ave NW, Washington D.C., Acting U.S. Attorney Chad Meacham at 1100 Commerce Street, Suite 300, Dallas, TX 75242 and Assistant U.S. Attorney – Fort Worth Division, Burnett Plaza, Suite 1700, 801 Cherry Street, Unit 4, Fort Worth, Texas 76102. Aidvantage may be served by serving the president, officer or director of Maximus Education, LLC at 1891 Metro Center Drive, Reston VA 20190-5287. The defendants hold, guarantee or service student loan debt that was incurred by the plaintiffs. All student loan debt incurred by the plaintiffs are Parent PLUS Loans.

## IV. FACTUAL ALLEGATIONS

4. On or about December 17, 2021, DANIEL JOSEPH WOOLLEY and MONICA RENEE WOOLLEY, commenced the above case by filing a voluntary petition under Chapter 7. Pursuant to 11 U.S.C. §301, the Order for Relief was effective on the same day.

5. At the time of filing, the debtors' income was as follows:

DANIEL JOSEPH WOOLLEY, although employed as a letter carrier for the U.S. Post Office, was not able to work due to health issues. At the time of filing, Mr. Woolley was recovering from back-to-back knee surgeries, had used all of his accrued leave and had no earned income for the 3 months prior to filing. As of the time of the filing of this adversary, Mr. Woolley has not been able to return to work. Because of complications from the initial knee replacement surgeries. The plaintiff is having complications from the surgery on his right knee and will need additional surgery which will require continued inability to return to work.

MONICA RENEE WOOLLEY works as a commissioned salesperson for Keller Embroidery. At the time of filing of the bankruptcy, Mrs. Woolley's gross income was approximately $2,477.35 per month. At the time of the filing of this adversary, Mrs. Woolley's income from Keller Embroidery has decreased to approximately $2,000 per month. In addition to her income from employment, Mrs. Woolley has been donating plasma for extra income. Her income from plasma donation is averaging $130 per week which equals $563.33 per month.

The plaintiffs' total income at time of filing was $2,477.35 per month. Since filing for bankruptcy, plaintiffs' income has decreased to $2,000 per month from employment and has been supplemented by Mrs. Woolley's plasma donation. Because of the plaintiffs' physical and medical conditions, plaintiffs assert that they have maximized their income.

6. The debtors' household expenses are modest. The debtors spend the following sums for their support:

| Mortgage | $ 753.13 |
|---|---|
| Home maintenance | $ 200.00 |
| Electric/heat | $ 185.00 |
| Water, sewer, garbage | $ 78.00 |
| Phone internet cable | $ 547.00 |
| Food and housekeeping | $ 880.00 |

| | |
|---|---|
| Clothing laundry dry cleaning | $ 50.00 |
| personal care products and services | $ 75.00 |
| medical and dental expenses | $ 180.00 |
| Car payment for 2012 Honda | $ 316.25 |
| Vehicle Insurance | $ 186.00 |
| Gasoline and repairs | $ 365.00 |
| Total household expenses | $3,815.38 |

7. At the time of the filing of the bankruptcy, plaintiffs anticipated that Daniel Woolley would be able to return to work as a letter carrier when he completed rehabilitation after his knee surgery. Instead of returning to work, Daniel Woolley has had complications which has resulted in his inability to return to work. Mr. Woolley's medical condition has worsened, and additional surgery will be required.

8. Mr. Woolley's inability to return to work has also affected the plaintiffs' ongoing expenses. Medical insurance, which was previously deducted from his income, will now have to be paid directly by the plaintiffs'. The cost of health insurance is approximately $400 per month. At the time of the filing of this Complaint, the plaintiffs owe $1,600 to the U.S. Postal Service for the cost of insurance. In addition, the plaintiffs normally carry dental and vision insurance in addition to health insurance. None of the expenses for health, dental or vision insurance have been included in the plaintiffs' budget.

9. Among the debts listed by the debtors in the schedules was student loan debt owed to the defendant, U.S. Department of Education. The debtors discovered the additional defendants when researching the student loans for the purposes of filing this adversary proceeding.

8. The student loan debts are FFEL Student Loans. The debt was originally incurred over a period from approximately August 17, 2015 to October 8, 2020. The loans are Parent PLUS loans. The loan balance is $111,993 as of March 7, 2022. The loan balance consists of 10 loans totaling $102,028 in principle plus $9,965 in interest.

## V. CAUSES OF ACTION

9. Plaintiffs assert that it will be an undue hardship on the plaintiffs to except the student loan debts from discharge.

10. Plaintiff DANIEL JOSEPH WOOLLEY shows that he is in poor health at the time of the filing of this complaint. He has continued to attempt to work in order to support his family and to pay his debts. Once he became disabled, he sought a surgical solution to his disability to enable him to return to work. He has maximized his income. He is unlikely to increase his income in the future. In fact, due to his age and ill health, the plaintiffs believe that it is reasonably likely that his income will not recover because he will be physically unable to perform the demands of his occupation as a letter carrier for the U.S. Postal Service. Mr. Woolley would show that he has no reasonable likelihood for advancement in his occupation nor for an increase income. Plaintiffs would show that their economic prospects will either remain the same or deteriorate.

11. Plaintiff MONICA RENEE WOOLLEY would show that she earned an average gross income of $2,477 per month. Since the of the bankruptcy filing, Mrs. Woolley's income has decreased. Mrs. Woolley is now earning approximately $2,000 per month. Although Mrs. Woolley is paid as a contract worker and is issued a 1099, she is actually an employee. Her employer does not withhold federal income tax, social security or medicare. Nor does her employer pay the employer's share of those obligations. As a result of the employer's treatment, the plaintiffs are personally liable for federal income tax and self-employment taxes The federal income tax and self-employment tax were not provided for in the budget that was filed with the court.

12. Plaintiffs' expenses are moderate as set forth hereinabove. Plaintiffs' expenses are reasonable and necessary. There are no prospects for a reduction in expenses.

13. Plaintiffs have been unable to make payments on the loans.

14. Plaintiffs assert that the student loans are dischargeable as allowed in 11 U.S.C. 523(a)(8).

WHEREFORE, the plaintiffs demand a judgment declaring that the educational loans to defendants are dischargeable pursuant to 11 U.S.C. §523(a)(8).

Respectfully submitted,
/s/ Alice Bower
Alice Bower
Attorney at Law
6421 Camp Bowie, Suite 300
Fort Worth, Texas 76116
Tel: (817) 737-5436
Fax: (817) 737-2970
SBN 15148500